**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIM BITZER, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) FIRSTSOURCE ADVANTAGE, LLC, ) ) Defendant. ) | Case No. 17-cv- |

## CLASS ACTION COMPLAINT

Plaintiff Kim Bitzer, on behalf of herself and all others similarly situated, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

2. This Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant does business in this District, made the calls that are the subject of this lawsuit to Plaintiff and others in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## STANDING

3. Defendant placed calls to Plaintiff's cell phone using an automated dialer without her consent.

4.	Plaintiff has a congressionally defined right to be free of automated calls to her cell phone for which she has not given her express consent.

5.	Plaintiff has thus suffered an injury as a result of Defendant's invasion of her privacy, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.	Plaintiff Kim Bitzer is a natural person who resides in this District.

7.	Defendant, Firstsource Advantage, LLC ("Firstsource"), is a New York limited liability company with its principal place of business at 205 Bryant Woods South, Amherst, New York 14228. It does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTS

8.	Plaintiff has received multiple calls to her cellular telephone from Defendant. Most of these calls are believed to have happened in January through July 2017, although there very well may have been calls before and after that period.

9.	When Plaintiff answered some of these calls, she had to wait for an operator to respond to her greeting.

10.	During the silence she said "hello," and nobody would immediately respond.

11. Eventually, when connected to a representative, she asked that Firstsource not call her cell phone again on at least two occasions.

12. Yet Firstsource continued to place calls to Defendant's cellular telephone, without her permission.

13. During several of the calls, there was a pause, or "dead air", which is the result of a dialer calling and no operator or representative of Defendant being immediately available to speak, and which demonstrates that Defendant was using a predictive dialer to make calls.

14. Therefore Firstsource used software which has the capacity to predictively dial in its telephone calls to Defendant.

15. Firstsource's business model is to knowingly use an autodialer to call cellular telephones it knows it does not have consent to call, and to hide behind an arbitration clause when challenged in court.

16. Many of the numbers Firstsource calls to collect a debt are obtained by "skip-tracing," an investigative method used to obtain consumer phone numbers from online databases and credit reports, rather than from consumers themselves.

17. As a result, many of these numbers are called without express consent of the consumer, who did not provide the number in the first place.

18. Upon information and belief, Firstsource already keeps records and data from which it can determine which autodialed calls it made without consent, but has elected not to engage such to prevent TCPA violations for business reasons.

19. Defendants knew about the TCPA before making the calls to plaintiff and the class, but made these autodialed calls to cellular phones in spite of such knowledge.

20. Defendants also knew that they did not have "prior express consent" to call phone numbers that had been obtained through skip trace or any means other than directly from the called party, or that any such consent had been revoked.

21. On information and belief, Firstsource has used an Aspect Software, Inc. brand autodialer for some of the calls.

22. On information and belief, FIRSTSOURCE also used third party vendors to make calls, including Livevox and others.

23. Recordings in Firstsource's possession will confirm that Plaintiff notified Firstsource that she did not consent to receiving calls to her cellular telephone.

24. Firstsource's records will show that it logged Plaintiff's withdrawal of consent in its computer.

25. Firstsource has been sued numerous times in the past for violations of the TCPA.

26. The telephone calls were annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of her cellular telephone line for other potential callers.

27. The telephone calls were intentionally, willfully and knowingly initiated.

28. The telephone calls were not initiated by accident or mistake.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of a class consisting of:

All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, Firstsource called using the same or similar dialing system used to call Plaintiff, where such calling occurred without the person's permission.

30. Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cell phone number Firstsource called without permission using the same equipment used to call Plaintiff.

4

31. Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

   a. Whether the calls to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

   b. Whether the calls to Plaintiff and the class were made using a prerecorded message as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

   c. Whether Firstsource had prior express consent to the cell phone numbers of Plaintiff and the other members of the class; and

   d. Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

32. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Firstsource's liability to Plaintiff and the other members of the class are the same: Firstsource violated the TCPA by causing automated calls to be made to the cellular telephone number of each member of the class, without permission.

33. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and she has retained counsel competent and experienced in class and complex litigation.

34. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

35. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

36. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

37. The identity of the class is, on information and belief, readily identifiable from Defendant's records.

WHEREFORE, Plaintiff Kim Bitzer, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

    A. Certification of the class as alleged herein;

    B. A declaration that Firstsource violated the TCPA as to Plaintiff and the class;

C. Injunctive relief aimed at ensuring the prevention of Firstsource from violating the TCPA in the future, including:

1. Requiring Firstsource to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Firstsource's outbound calls to ensure that Firstsource had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

D. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every nonconsensual call to each and every class member;

E. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227

cchatman@communitylawyersgroup.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If any defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.